UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 04-67-1 S

JAMES SNOKE

**DEFENDANT'S MOTION FOR RECOMMENDATION OF CONCURRENT SENTENCE**

Now comes the defendant, James Snoke, and respectfully requests that this honorable Court make a recommendation to the Bureau of Prisons that the sentence imposed in the above-entitled case run concurrent with the sentences imposed in Rhode Island state court cases K2/03-0105A and P2/01-2893.

The grounds for this Motion are set out in the accompanying Memorandum.

Respectfully submitted,

JAMES SNOKE

By his attorney

ANDREW BERG Bar No. 4754
Sammartino & Berg LLP
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-0113
(401) 274-0175 fax

**CERTIFICATION**

I hereby certify that on the 30th day of March 2006, a true copy of the above Motion was mailed, postage pre-paid, to Assistant U.S. Attorney Andrew Reich, Office of the United States Attorney, 50 Kennedy Plaza, Fleet Center, 8th Floor, Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 04-67-1 S

JAMES SNOKE

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR RECOMMENDATION OF CONCURRENT SENTENCE**

Defendant James Snoke ("Snoke") has filed a Motion For Recommendation Of Concurrent Sentence asking this Court to recommend to the Bureau of Prisons that the sentence imposed in the above-entitled case run concurrent with the sentences imposed in Rhode Island state court cases K2/03-0105A and P2/01-2893.

**Facts and Travel of the Case**

The instant information stemmed from a bank robbery that occurred on February 29, 2004 in the City of Providence. Snoke was arrested shortly thereafter by the Providence Police Department. On March 1, 2004, Snoke was presented in state court on the new robbery charge, and also presented with a probation violation petition. R.I. Department of Corrections "Charge Information" at 2 (attached as Exhibit A). Bail was set on the new robbery charge, but Snoke was held without bail on the probation violation petitions. *Id.* On March 15, 2004, Snoke admitted to a violation of his District Court probation, and was sentenced to serve six months at the Adult Correctional Institution ("ACI"). *Id.* (Case no. 31/03-5229).

While Snoke was serving his state sentence, he was charged in this Court with the complaint that led to the instant information. A federal detainer was lodged with the ACI on May 27, 2004. R.I. Department of Corrections "Rap Sheet" at 3 (attached as Exhibit B). The state case stemming from the same robbery was dismissed.

On September 20, 2004, Snoke completed his state sentence. Exhibit A at 3, ("Sentence Information"). However, because Snoke did not make bail on the pending state charges, he continued to be held at the ACI.[1]

On October 29, 2004, Snoke appeared in this Court, and was sentenced on the instant information to seventy months of incarceration. However, due to the state bail holds, the state retained primary jurisdiction[2], and Snoke was returned to the ACI.

In January of 2005, Snoke was brought before the Providence Superior Court (Krause, J.) for trials on two pending cases. On January 28, 2005, Snoke entered guilty pleas to two separate charges of second-degree robbery (P2/01-2893A, K2/03-0105A). The trial justice agreed to a concurrent sentence of twenty years at the ACI, with a cap of ten years to serve for both state cases. The judge also stipulated that any time to serve

---

[1] In light of the federal detainer, even if the indigent Snoke had the means to post bail, to do so would not have resulted in his release.

[2] "The sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example, bail release, dismissal of the state charges, parole release, or expiration of the state sentence." Interaction Of Federal And State Sentences When The Federal Defendant Is Under State Primary Jurisdiction, Sadowski, Henry J., Regional Counsel, Northeast Region, Federal Bureau of Prisons, at 2 (attached as Exhibit C).

would be concurrent with Snoke's federal sentence.[3] *See* Plea Forms (attached as Exhibit D).

On April 28, 2005, Snoke was brought before the Superior Court, and sentenced to 20 years at the ACI, with seventy-eight months to serve, and the remaining term suspended. Judgment of Conviction and Commitment (Exhibit D). He was remanded to the ACI to serve his state sentence. Snoke's state sentence was determined to run retroactive to January 17, 2004. Exhibit A at p. 3 ("Sentencing Information," K2/03-0105A).

Subsequently, Snoke wrote to the Bureau of Prisons ("BOP") to ascertain whether his federal sentence was running concurrently with his state time. On November 28, 2005, the BOP sent Snoke a letter stating that his federal sentence would be consecutive due to the fact that this Court was silent in this regard. Correspondence of R.G. Havery (attached as Exhibit E).

**Argument**

Clearly, as indicated in the plea form, the state court judge intended Snoke's sentence to run concurrent to his federal sentence. Equally obvious, Judge Krause was unaware that under BOP policies, the federal sentence would not begin until after Snoke completed his state sentence. This has resulted in Snoke receiving a cumulative one

[3] On the same date, the trial justice also took pleas from Snoke on three other outstanding cases, either imposing suspended sentences or time served. Exhibit B, 1/28/05, cases P2/01-3472, P2/04-2071, and P2/04-2152.

hundred and forty-eight month sentence, as opposed to the seventy-eight month sentence the state court intended.

On March 22, 2006, undersigned counsel spoke to BOP Regional Counsel, Henry J. Sadowski[4] ("Sadowski") to ascertain the government's rules for sentencing calculation and credit. Sadowski stated that if the sentencing judge is silent, then the BOP presumes that any federal time is consecutive. As it pertains to Snoke, since the state had primary jurisdiction over Snoke due to the bail holds, and this Court was silent as to whether the sentence was concurrent or consecutive, Snoke's federal time will not start until the state relinquishes its jurisdiction; in this case, after Snoke completes his state sentence.[5]

Although this Court does not have the authority to direct the BOP on issues of sentence calculations, Sadowski indicated that if this Court recommends a concurrent sentence, the BOP would most likely honor the Court's request. However, the concurrent term would not begin until the day of Snoke's federal sentencing, October 29, 2004, rather than the beginning of his retroactive state sentence, January of 2004.

Accordingly, Snoke has filed the instant Motion seeking this Court's recommendation to the BOP that his federal sentence run concurrent with Snoke's state sentence. Such a recommendation is the simplest manner in which to effectuate the

---

[4] Sadowski authored the article that is attached hereto as Exhibit C.
[5] Unless Snoke is paroled, his release date is currently slated for February 11, 2010. Exhibit A at p. 3 ("Sentencing Information," K2/03-0105A).

intent of this Court to impose a seventy-month sentence, and that of the state court, to impose a concurrent sentence eight months longer than the federal time.[6]

## Conclusion

For the foregoing reasons, Snoke respectfully requests this Court make a recommendation to the Bureau of Prisons that the sentence in this case run concurrent with Snoke's state sentences.

Respectfully submitted,

JAMES SNOKE

By his attorney

ANDREW BERG Bar No. 4754
Sammartino & Berg LLP
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-0113
(401) 274-0175 fax

## CERTIFICATION

I hereby certify that on the 30th day of March 2006, a true copy of the above Motion was mailed, postage pre-paid, to Assistant U.S. Attorney Andrew Reich, Office of the United States Attorney, 50 Kennedy Plaza, Fleet Center, 8th Floor, Providence, RI 02903

[6] Snoke was taken into state custody on March 1, 2004, and was sentenced in this Court on October 29, 2005, a period of eight months. Thus, concurrent federal credit would roughly result in a seventy-eight month sentence.

IDENTIFICATION DEPARTMENT

ID: 069972 SECURITY: MEDIUM SECURITY
NAME: SNOKE JAMES W D.O.B: 01/04/1964

*** CHARGE INFORMATION ***

| COMMIT DATE | CASE | CNT | BAIL TYPE | BAIL AMOUNT | DISPOSITION |
|---|---|---|---|---|---|
| 09/12/1989 | 61886849 | 01 | CASH | $200.00 | DISCHARGED AT COURT |
| DESC: POSSESSION OF MARIJUANA | | | | ARREST POLICE: PROVIDENCE | |
| 09/12/1989 | P2894633 | 01 | SURETY | $10,000.00 | DISCHARGED AT COURT |
| DESC: B & E DWELL W/INTO TO COMMIT LARCENY | | | | ARREST POLICE: CRANSTON | |
| 07/31/1990 | 62907058 | 01 | SURETY | $5,000.00 | DISCHARGED AT COURT |
| DESC: POSS COCAINE | | | | ARREST POLICE: CRANSTON | |
| 07/31/1990 | P2894633 | 03 | HELD W/O BAIL | | DISCHARGED AT COURT |
| DESC: FORG & COUNTERFEIT | | | | ARREST POLICE: CRANSTON | |
| 07/31/1990 | P2894633 | 02 | HELD W/O BAIL | | DISCHARGED AT COURT |
| DESC: ENT BLDG INT LARC | | | | ARREST POLICE: CRANSTON | |
| 06/21/1991 | 61919002 | 01 | SURETY | $1,500.00 | BAILED |
| DESC: CONSPIRACY | | | | ARREST POLICE: UNKNOWN | |
| 06/21/1991 | 61919002 | 02 | SURETY | $1,000.00 | BAILED |
| DESC: OBTAIN MONEY FALSE PRET UNDER $500 | | | | ARREST POLICE: UNKNOWN | |
| 06/21/1991 | P2902973 | 01 | HELD W/O BAIL | | CASE PLACED ON PR |
| DESC: POSSESSION OF CONTROLLED SUBSTANCE | | | | ARREST POLICE: UNKNOWN | |
| 06/21/1991 | P2903011 | 01 | HELD W/O BAIL | | CASE PLACED ON PR |
| DESC: LARCENY UNDER $500 | | | | ARREST POLICE: UNKNOWN | |
| 06/21/1991 | P2894633 | 04 | HELD W/O BAIL | | CASE PLACED ON PR |
| DESC: B & E BLDG NT INT LARC | | | | ARREST POLICE: UNKNOWN | |
| 04/14/1992 | K3920103 | 00 | HELD W/O BAIL | | PROBATION |
| DESC: CARRYING CONCEALLED WEAPON | | | | ARREST POLICE: WARWICK | |
| 04/14/1992 | P2902973 | 00 | HELD W/O BAIL | | VIOLATION WITHDRAWN |
| DESC: POSS OF CTL SUBS.SCH I | | | | ARREST POLICE: WARWICK | |
| 11/17/1993 | N2930437 | 00 | SURETY | $20,000.00 | SENTENCED |
| DESC: HARBOR CRIMINAL | | | | ARREST POLICE: STATE POLICE | |
| 11/17/1993 | N2930437 | 01 | SURETY | $15,000.00 | SENTENCED |
| DESC: DRIVING WITH SUSPENDED LICENSE | | | | ARREST POLICE: STATE POLICE | |
| 11/18/1993 | K2920550 | 00 | HELD W/O BAIL | | RELEASED ON CASE |
| DESC: POSS FIREWORKS | | | | ARREST POLICE: | |
| 01/23/1995 | P2894633 | 00 | CASH | $226.00 | DISCHARGED AT COURT |
| DESC: ENTER BLDG | | | | ARREST POLICE: PROVIDENCE | |
| 01/23/1995 | P2894633 | 05 | CASH | $200.00 | DISCHARGED AT COURT |
| DESC: FORGE & COUNTERFEIT | | | | ARREST POLICE: PROVIDENCE | |
| 01/23/1995 | P2894633 | 06 | CASH | $200.00 | DISCHARGED AT COURT |
| DESC: RECEIVE STOLEN GOODS OVER $500 | | | | ARREST POLICE: PROVIDENCE | |
| 12/18/1996 | 619614804 | 00 | SURETY | $10,000.00 | SENTENCED |
| DESC: UTTERING AND PUBLISHING | | | | ARREST POLICE: SCITUATE | |
| 12/18/1996 | P2970186A | 00 | SURETY | $5,000.00 | SENTENCED |
| DESC: POSS HEROIN | | | | ARREST POLICE: SCITUATE | |
| 12/18/1996 | 619620873 | 00 | SURETY | $2,000.00 | PROBATION |
| DESC: DRIVING WITH SUSPENDED LICENSE | | | | ARREST POLICE: PROVIDENCE | |
| 12/19/1996 | K2920550A | 01 | HELD W/O BAIL | | RELEASED ON CASE |
| DESC: POSS ARMS AFTER CONV CRIME VIOL | | | | ARREST POLICE: | |
| 12/19/1996 | N2930437A | 02 | HELD W/O BAIL | | RELEASED ON CASE |
| DESC: HARBOR CRIMINAL | | | | ARREST POLICE: | |
| 01/16/1997 | 62970869 | 00 | SURETY | $5,000.00 | CASE PLACED ON PR |
| DESC: LARCENY OVER $500 | | | | ARREST POLICE: | |
| 03/07/1997 | 31971099 | 00 | SURETY | $10,000.00 | RELEASED ON CASE |
| DESC: VIOL BANKING LAWS | | | | ARREST POLICE: | |

R.I. DEPARTMENT OF CORRECTIONS DATE: 03/21/2006

IDENTIFICATION DEPARTMENT

ID: 0[illegible]972 SECURITY: MEDIUM SECURITY
NAME: SNOKE JAMES W D.O.B: 01/04/1964

*** CHARGE INFORMATION ***

| COMMIT DATE | CASE | CNT | BAIL TYPE | BAIL AMOUNT | DISPOSITION |
|---|---|---|---|---|---|
| 03/07/1997 | 31971100 | 00 | SURETY | $1,000.00 | RELEASED ON CASE |
| DESC: VIOL BANKING LAWS | | | | | ARREST POLICE: |
| 03/07/1997 | 619614778 | 00 | HELD W/O BAIL | | SENTENCED |
| DESC: OBSTRUCT POLICE OFFICER | | | | | ARREST POLICE: |
| 03/07/1997 | 619614819 | 00 | HELD W/O BAIL | | SENTENCED |
| DESC: VIOL BANKING LAWS | | | | | ARREST POLICE: |
| 03/07/1997 | 619614804 | 01 | HELD W/O BAIL | | SENTENCED |
| DESC: OBTAIN MONEY FALSE PRET OVER $500 | | | | | ARREST POLICE: |
| 08/22/2001 | P2012893A | 00 | SURETY | $15,000.00 | CASE PLACED ON PR |
| DESC: 2ND DEGREE ROBBERY | | | | | ARREST POLICE: |
| 08/31/2001 | US HOLD | 01 | HELD W/O BAIL | | CASE PLACED ON PR |
| DESC: PENDING VERIFICATION COURT | | | | | ARREST POLICE: |
| 09/13/2001 | P2013472A | 00 | SURETY | $10,000.00 | CASE PLACED ON PR |
| DESC: LARCENY OVER $500 | | | | | ARREST POLICE: |
| 07/03/2002 | P2012893A | 01 | SURETY | $5,000.00 | DISCHARGED AT COURT |
| DESC: 2ND DEGREE ROBBERY | | | | | ARREST POLICE: |
| 07/03/2002 | P2013472A | 01 | SURETY | $5,000.00 | DISCHARGED AT COURT |
| DESC: LARCENY OVER $500 | | | | | ARREST POLICE: |
| 12/15/2002 | 32025654 | 00 | SURETY | $20,000.00 | CASE PLACED ON PR |
| DESC: ROBBERY | | | | | ARREST POLICE: |
| 12/17/2002 | P2012893A | 02 | HELD W/O BAIL | | CASE PLACED ON PR |
| DESC: 2ND DEGREE ROBBERY | | | | | ARREST POLICE: |
| 12/17/2002 | P2013472A | 02 | HELD W/O BAIL | | CASE PLACED ON PR |
| DESC: LARCENY OVER $500 | | | | | ARREST POLICE: |
| 03/14/2003 | K2030105A | 00 | SURETY | $35,000.00 | BAILED |
| DESC: ROBBERY | | | | | ARREST POLICE: |
| 03/01/2004 | 31035229 | 00 | HELD W/O BAIL | | SENTENCED |
| DESC: OBTAIN MONEY FALSE PRET UNDER $500 | | | | | ARREST POLICE: |
| 03/01/2004 | 62043893 | 00 | SURETY | $10,000.00 | RELEASED ON CASE |
| DESC: POSS STOLEN MOTOR VEHICLE | | | | | ARREST POLICE: |
| 03/01/2004 | 62043966 | 00 | SURETY | $10,000.00 | RELEASED ON CASE |
| DESC: POSS HEROIN | | | | | ARREST POLICE: |
| 03/01/2004 | P2012893A | 00 | HELD W/O BAIL | | RELEASED ON CASE |
| DESC: CARJACKING 1ST DEG (ROB OCCUPANT OF MV | | | | | ARREST POLICE: |
| 03/01/2004 | P2013472A | 00 | HELD W/O BAIL | | PROBATION |
| DESC: LARCENY OVER $500 | | | | | ARREST POLICE: |
| 03/01/2004 | P2013472A | 00 | HELD W/O BAIL | | PROBATION |
| DESC: LARCENY OVER $500 | | | | | ARREST POLICE: |
| 03/01/2004 | P2012893A | 00 | HELD W/O BAIL | | SENTENCED |
| DESC: CARJACKING 1ST DEG (ROB OCCUPANT OF MV | | | | | ARREST POLICE: |
| 03/01/2004 | K2030105A | 00 | HELD W/O BAIL | | SENTENCED |
| DESC: ROBBERY | | | | | ARREST POLICE: |
| 03/01/2004 | K2030105A | 00 | HELD W/O BAIL | | SENTENCED |
| DESC: ROBBERY | | | | | ARREST POLICE: |
| 03/01/2004 | 62043966 | 00 | SURETY | $10,000.00 | CHARGE PENDING |
| DESC: POSS HEROIN | | | | | ARREST POLICE: |
| 03/01/2004 | 62043927 | 00 | SURETY | $25,000.00 | RELEASED ON CASE |
| DESC: 2ND DEGREE ROBBERY | | | | | ARREST POLICE: |
| 03/02/2004 | P2042071A | 00 | CASH | $1,000.00 | RELEASED ON CASE |
| DESC: VIOL BANKING LAWS | | | | | ARREST POLICE: |
| 03/02/2004 | P2042071A | 00 | CASH | $1,000.00 | PROBATION |
| DESC: VIOL BANKING LAWS | | | | | ARREST POLICE: |

IDENTIFICATION DEPARTMENT

ID: 069972 SECURITY: MEDIUM SECURITY
NAME: SNOKE JAMES W D.O.B: 01/04/1964

*** CHARGE INFORMATION ***

| COMMIT DATE | CASE | CNT | BAIL TYPE | BAIL AMOUNT | DISPOSITION |
|---|---|---|---|---|---|
| 03/15/2004 | P2042152A | 00 | CASH | $1,000.00 | PROBATION |
| DESC: UTTERING AND PUBLISHING | | | | ARREST POLICE: | |
| 03/15/2004 | P2042152A | 00 | CASH | $1,000.00 | PROBATION |
| DESC: UTTERING AND PUBLISHING | | | | ARREST POLICE: | |
| 03/22/2004 | 31035229 | 02 | HELD W/O BAIL | | PROBATION |
| DESC: OBTAIN MONEY FALSE PRET UNDER $500 | | | | ARREST POLICE: | |
| 03/22/2004 | 31041484 | 00 | SURETY | $10,000.00 | PROBATION |
| DESC: UTTER FRAUD CHECKS UNDER $1000 | | | | ARREST POLICE: WARWICK | |
| 07/14/2004 | P2041941B | 00 | SURETY | $25,000.00 | PROBATION |
| DESC: ROBBERY | | | | ARREST POLICE: | |
| 07/14/2004 | P2041941B | 00 | SURETY | $25,000.00 | RELEASED ON CASE |
| DESC: ROBBERY | | | | ARREST POLICE: | |
| 02/28/2005 | 61046117 | 00 | HELD W/O BAIL | | CASE PLACED ON PR |
| DESC: UTTER FRAUD CHECKS UNDER $1000 | | | | ARREST POLICE: PROVIDENCE | |

*** SENTENCE INFORMATION ***

| CASE NUMBER | CNT | IMPOSE | RETRO | STATUS | TERM YMD | GOOD |
|---|---|---|---|---|---|---|
| K2920550 | 01 | 05/15/1992 | 04/14/1992 | DISCH. ON PAROLE | 000 018 000 | 00/00/0000 |
| | | DESC: CARRY PISTOL W/O LIC | | | | |
| N2930437 | 01 | 12/08/1993 | 11/17/1993 | RELEASED ON CASE | 000 018 000 | 00/00/0000 |
| | | DESC: HARBOR CRIMINAL | | | | |
| 619614804 | 01 | 01/07/1997 | 12/18/1996 | EXPIRATION SENTENCE | 000 006 000 | 00/00/0000 |
| | | DESC: UTTERING AND PUBLISHING | | | | |
| P2970186A | 01 | 01/14/1997 | 12/18/1996 | EXPIRATION SENTENCE | 000 006 000 | 00/00/0000 |
| | | DESC: POSS HEROIN | | | | |
| P2970902A | 01 | 04/17/1997 | 12/18/1996 | EXPIRATION SENTENCE | 000 006 000 | 00/00/0000 |
| | | DESC: LARCENY OVER $500 | | | | |
| 31035229 | 01 | 03/15/2004 | 02/29/2004 | EXPIRATION SENTENCE | 000 006 000 | 08/20/2004 |
| | | DESC: OBTAIN MONEY FALSE PRET UNDER $500 | | | [illegible] | 8/20/04 |
| K2030105A | 01 | 04/28/2005 | 01/17/2004 | CONTROLLING SENTENCE | 006 006 000 | 02/11/2010 |
| | | DESC: ROBBERY | | | | |
| P2012893A | 01 | 04/28/2005 | 05/04/2003 | CONCURRENT | 006 006 000 | 04/07/2009 |
| | | DESC: ROBBERY | | | | |

RAP SHEET

ID: 069972 SECURITY: MEDIUM
NAME: SNOKE JAMES W D.O.B: 01/04/1964

| DATE | CODE | TABLE | DESCRIPTION | | | | |
|---|---|---|---|---|---|---|---|
| 04/14/1992 | 01 | COMMITMENT | INMATE RECOMMITED | | | | |
| 04/20/1992 | 10 | COURT APPEAR | REMANDED P2902973 | | | | |
| 04/24/1992 | 10 | COURT APPEAR | P2902973 REMAND | | | | |
| 04/27/1992 | 10 | COURT APPEAR | UPDATED P2902973,K3920103 | | | | |
| 05/07/1992 | 10 | COURT APPEAR | UPDATED K3920107 | | | | |
| 05/15/1992 | 09 | SENTENCED | INMATE SENTENCED | | | | |
| 06/13/1992 | 06 | TRANSFER | ISC | | - | ISC C | 119T |
| 06/28/1992 | 06 | TRANSFER | ISC C | 119T | - | ISC C | 120T |
| 07/06/1992 | 06 | TRANSFER | ISC C | 120T | - | ISC HW | 08 |
| 07/07/1992 | 06 | TRANSFER | ISC HW | 08 | - | ISC HW | 05 |
| 07/08/1992 | 06 | TRANSFER | ISC HW | 05 | - | ISC A | 212B |
| 07/21/1992 | 07 | CLASSIFY | INMATE WAS CLASSIFIED TO MIN | | | | |
| 07/28/1992 | 06 | TRANSFER | ISC A | 212B | - | MIN E | 14E |
| 10/05/1992 | 10 | COURT APPEAR | REMAND | | | | |
| 10/22/1992 | 07 | CLASSIFY | INMATE WAS RECLASSIFIED TO WR | | | | |
| 10/27/1992 | 06 | TRANSFER | MIN E | 14E | - | WR R208 | A |
| 11/28/1992 | 06 | TRANSFER | WR R208 | A | - | MAX PRUD 2 | P2-03 |
| 12/17/1992 | 06 | TRANSFER | MAX PRUD 2 | P2-03 | - | MAX SEG | SEG-35 |
| 01/13/1993 | 06 | TRANSFER | MAX SEG | SEG-35 | - | MAX HOPE 2 | H2-10 |
| 01/15/1993 | 06 | TRANSFER | MAX HOPE 2 | H2-10 | - | MAX PRUD 2 | P2-77 |
| 01/19/1993 | 06 | TRANSFER | MAX PRUD 2 | P2-77 | - | MAX PRUD 2 | P2-45 |
| 02/09/1993 | 07 | CLASSIFY | INMATE WAS RECLASSIFIED TO MIN | | | | |
| 02/15/1993 | 07 | CLASSIFY | INMATE WAS RECLASSIFIED TO MED | | | | |
| 03/04/1993 | 06 | TRANSFER | MAX PRUD 2 | P2-45 | - | MAX PRUD 1 | P1-11 |
| 03/04/1993 | 07 | CLASSIFY | INMATE WAS RECLASSIFIED TO MIN | | | | |
| 03/08/1993 | 06 | TRANSFER | MAX PRUD 1 | P1-11 | - | MIN F | 13A |
| 03/10/1993 | 06 | TRANSFER | MIN F | 13A | - | MIN D | 07C |
| 04/03/1993 | 06 | TRANSFER | MIN D | 07C | - | MIN HOLD | |
| 04/05/1993 | 06 | TRANSFER | MIN HOLD | | - | MAX PRUD 2 | P2-88 |
| 04/21/1993 | 06 | TRANSFER | MAX PRUD 2 | P2-88 | - | MAX SEG | SEG-21 |
| 05/19/1993 | 06 | TRANSFER | MAX SEG | SEG-21 | - | MAX PRUD 2 | P2-15 |
| 05/27/1993 | 07 | CLASSIFY | INMATE WAS RECLASSIFIED TO MAX | | | | |
| 06/03/1993 | 06 | TRANSFER | MAX PRUD 2 | P2-15 | - | MAX PRUD 1 | P1-64 |
| 06/23/1993 | 06 | TRANSFER | MAX PRUD 1 | P1-64 | - | MAX HOLD | |
| 06/23/1993 | 04 | PAROLLED | INMATE DISCHARGE ON PAROLE FROM MAX | | | | |
| 11/17/1993 | 01 | COMMITMENT | INMATE RECOMMITED TO ISC | | | | |
| 11/17/1993 | 06 | TRANSFER | ISC | | - | ISC H | 215T |
| 11/18/1993 | 10 | COURT APPEAR | ADDED K2920550 | | | | |
| 11/19/1993 | 10 | COURT APPEAR | UPDATED K2920550 | | | | |
| 11/24/1993 | 06 | TRANSFER | ISC H | 215T | - | ISC M | 14T |
| 12/01/1993 | 10 | COURT APPEAR | UPDATED K2920550 | | | | |
| 12/04/1993 | 06 | TRANSFER | ISC M | 14T | - | ISC B | 106T |
| 12/08/1993 | 09 | SENTENCED | INMATE SENTENCED | | | | |
| 12/14/1993 | 06 | TRANSFER | ISC B | 106T | - | ISC B | 202B |
| 01/06/1994 | 07 | CLASSIFY | INMATE WAS CLASSIFIED TO MED | | | | |
| 01/11/1994 | 06 | TRANSFER | ISC B | 202B | - | MED EMODL | 24B |
| 04/05/1994 | 10 | COURT APPEAR | REMAND FROM FAMILY COURT | | | | |
| 04/14/1994 | 10 | COURT APPEAR | REMANDED | | | | |
| 07/06/1994 | 07 | CLASSIFY | INMATE WAS RECLASSIFIED TO MIN | | | | |
| 07/07/1994 | 06 | TRANSFER | MED EMODL | 24B | - | MIN E | 11F |
| 07/13/1994 | 06 | TRANSFER | MIN E | 11F | - | MIN B | 08D |
| 07/13/1994 | 06 | TRANSFER | MIN B | 08D | - | MIN HOLD | |
| 07/13/1994 | 06 | TRANSFER | MIN HOLD | | - | MIN B | 08A |
| 09/01/1994 | 07 | CLASSIFY | INMATE WAS RECLASSIFIED TO WR | | | | |
| 09/22/1994 | 10 | COURT APPEAR | REMANDED FROM COURT | | | | |
| 10/18/1994 | 06 | TRANSFER | MIN B | 08A | - | MIN HOLD | |
| 10/18/1994 | 02 | DISCHARGE | INMATE RELEASED/COURT ORDE FROM MIN | | | | |
| 01/22/1995 | 06 | TRANSFER | ISC HOLD | | - | ISC L | 02B |

RAP SHEET

ID: 069972 SECURITY: MEDIUM
NAME: SNOKE JAMES W D.O.B: 01/04/1964

| DATE | CODE | TABLE | DESCRIPTION | | | |
|---|---|---|---|---|---|---|
| 01/22/1995 | 01 | COMMITMENT | INMATE RECOMMITED TO ISC | | | |
| 01/23/1995 | 10 | COURT APPEAR | REMANDED FROM COURT | | | |
| 01/23/1995 | 06 | TRANSFER | ISC L | 02B | - ISC D | 103B |
| 01/24/1995 | 06 | TRANSFER | ISC D | 103B | - ISC HOLD | |
| 01/24/1995 | 02 | DISCHARGE | INMATE DISCHARGED AT COURT FROM ISC | | | |
| 12/18/1996 | 01 | COMMITMENT | INMATE RECOMMITED TO ISC | | | |
| 12/18/1996 | 06 | TRANSFER | ISC | | - ISC C | 209B |
| 12/20/1996 | 10 | COURT APPEAR | REMAND | | | |
| 12/20/1996 | 06 | TRANSFER | ISC C | 209B | - ISC ISOL | C |
| 12/20/1996 | 06 | TRANSFER | ISC ISOL | C | - ISC HOLD | |
| 12/21/1996 | 06 | TRANSFER | ISC HOLD | | - ISC ISOL | C |
| 12/21/1996 | 06 | TRANSFER | ISC ISOL | C | - ISC C | 211B |
| 12/21/1996 | 06 | TRANSFER | ISC C | 211B | - ISC ISOL | C |
| 12/22/1996 | 06 | TRANSFER | ISC ISOL | C | - ISC I | 07T |
| 12/31/1996 | 10 | COURT APPEAR | REMAND | | | |
| 01/01/1997 | 06 | TRANSFER | ISC I | 07T | - ISC I | 07B |
| 01/07/1997 | 09 | SENTENCED | 6 MONTHS CONTROLLING | | | |
| 01/07/1997 | 10 | COURT APPEAR | 619620873 PROB., 629620878 REMAND | | | |
| 01/08/1997 | 06 | TRANSFER | ISC I | 07B | - ISC A | 126B |
| 01/14/1997 | 09 | SENTENCED | 6 MONTHS CONCURRENT | | | |
| 01/14/1997 | 10 | COURT APPEAR | N2930437, K2920550 RELEASED ON CASE | | | |
| 01/16/1997 | 10 | COURT APPEAR | 62970869 ADDED | | | |
| 01/22/1997 | 10 | COURT APPEAR | REMANDED FROM COURT | | | |
| 01/27/1997 | 10 | COURT APPEAR | REMANDED FROM COURT | | | |
| 01/30/1997 | 10 | COURT APPEAR | REMAND | | | |
| 02/25/1997 | 07 | CLASSIFY | INMATE WAS CLASSIFIED TO MED | | | |
| 02/26/1997 | 10 | COURT APPEAR | 629700869 REL ON 5000PR | | | |
| 03/07/1997 | 10 | COURT APPEAR | 619614778,619614804,619614819 ADDED | | | |
| 03/07/1997 | 10 | COURT APPEAR | 31971099,31971100 ADDED | | | |
| 03/10/1997 | 10 | COURT APPEAR | REMANDED PRIOR SENTENCE | | | |
| 03/11/1997 | 10 | COURT APPEAR | REMANDED FROM COURT | | | |
| 03/17/1997 | 10 | COURT APPEAR | 619614778,619614804,619614819 UPDATED | | | |
| 03/17/1997 | 10 | COURT APPEAR | 31971100,31971099 UPDATED | | | |
| 03/20/1997 | 10 | COURT APPEAR | 31971099,31971100 UPDATED | | | |
| 04/03/1997 | 09 | SENTENCED | 30 DAYS WEEKENDS CONSECUTIVE | | | |
| 04/03/1997 | 10 | COURT APPEAR | 31971099, 31971100 RELEASED ON CASE | | | |
| 04/17/1997 | 09 | SENTENCED | 6 MONTHS CONCURRENT | | | |
| 05/02/1997 | 06 | TRANSFER | ISC A | 126B | - MED FMODL | 07T |
| 05/12/1997 | 10 | COURT APPEAR | REMAND | | | |
| 05/16/1997 | 10 | COURT APPEAR | REMAND | | | |
| 05/27/1997 | 06 | TRANSFER | MED FMODL | 07T | - MED FMODL | 19B |
| 05/28/1997 | 10 | COURT APPEAR | REMANDED FROM COURT | | | |
| 06/04/1997 | 06 | TRANSFER | MED FMODL | 19B | - MED HOLD | |
| 06/04/1997 | 02 | DISCHARGE | INMATE EXPIRATION SENTENCE FROM MED | | | |
| 08/22/2001 | 01 | COMMITMENT | INMATE RECOMMITEDISC | | | |
| 08/22/2001 | 06 | TRANSFER | ISC | | - ISC F | 109T |
| 08/31/2001 | 12 | COMMENT | US DETAINER LODGED (MC) | | | |
| 09/13/2001 | 10 | COURT APPEAR | 620117101 ADDED | | | |
| 09/15/2001 | 06 | TRANSFER | ISC F | 109T | - ISC I | 18B |
| 09/25/2001 | 10 | COURT APPEAR | 620115682,620117101 UPDATED | | | |
| 10/24/2001 | 10 | COURT APPEAR | 620115682 TO P2012893A | | | |
| 11/08/2001 | 06 | TRANSFER | ISC I | 18B | - ISC I | 19T |
| 11/15/2001 | 10 | COURT APPEAR | 620117101 TO P2013472A | | | |
| 01/05/2002 | 06 | TRANSFER | ISC I | 19T | - ISC K | 04T |
| 01/14/2002 | 10 | COURT APPEAR | P2012893A UPDATED | | | |
| 01/25/2002 | 06 | TRANSFER | ISC K | 04T | - ISC G | 105T |
| 01/31/2002 | 10 | COURT APPEAR | P2013472A,P2012893A UPDATED | | | |
| 02/12/2002 | 10 | COURT APPEAR | P2012893A 25,000WS TO 15,000WS | | | |

ID: 069972 SECURITY: MEDIUM
NAME: SNOKE JAMES W D.O.B: 01/04/1964

| DATE | CODE | TABLE | DESCRIPTION |
|---|---|---|---|
| 02/12/2002 | 10 | COURT APPEAR | P2013472A REL ON PR |
| 02/15/2002 | 10 | COURT APPEAR | P2012893A UPDATED |
| 02/22/2002 | 10 | COURT APPEAR | P2012893A UPDATED |
| 03/01/2002 | 10 | COURT APPEAR | REMANDED FROM COURT |
| 03/04/2002 | 10 | COURT APPEAR | P2012893A UPDATED |
| 03/08/2002 | 10 | COURT APPEAR | P2012893A REL ON PR FAXED KAREN LUNDGREN |
| 03/15/2002 | 06 | TRANSFER | ISC G 105T - ISC HOLD |
| 03/15/2002 | 02 | DISCHARGE | INMATE DISCH U.S. MARSHALL FROM ISC |
| 07/03/2002 | 01 | COMMITMENT | INMATE RECOMMITEDISC |
| 07/03/2002 | 10 | COURT APPEAR | P2012893A HWOB TO 5000WS |
| 07/03/2002 | 10 | COURT APPEAR | P2013472A HWOB TO 5000WS |
| 07/10/2002 | 06 | TRANSFER | ISC I 22T - ISC HOLD |
| 07/10/2002 | 02 | DISCHARGE | INMATE DISCHARGED AT COURT FROM ISC |
| 12/15/2002 | 01 | COMMITMENT | INMATE RECOMMITEDISC |
| 12/15/2002 | 06 | TRANSFER | ISC - ISC E 222T |
| 12/16/2002 | 10 | COURT APPEAR | 32025654 UPDATED |
| 12/17/2002 | 10 | COURT APPEAR | ADDED P2013472A,P2012893A |
| 12/19/2002 | 10 | COURT APPEAR | 32025654 W/O TO 20,000WS |
| 12/24/2002 | 10 | COURT APPEAR | P2012893A,P2013472A UPDATED |
| 01/02/2003 | 10 | COURT APPEAR | P2013472A,P2012893A UPDATED |
| 01/13/2003 | 10 | COURT APPEAR | P2013472A UPDATED |
| 01/13/2003 | 10 | COURT APPEAR | P2012893A UPDATED |
| 01/16/2003 | 10 | COURT APPEAR | P2012893A,P2013472A UPDATED |
| 01/17/2003 | 10 | COURT APPEAR | 32025654 REL ON PR |
| 01/27/2003 | 10 | COURT APPEAR | P2012893A,P2013472A UPDATED |
| 02/03/2003 | 10 | COURT APPEAR | P2013472A,P2012893A UPDATED |
| 02/06/2003 | 10 | COURT APPEAR | P2012893A,P2013472A UPDATED |
| 02/17/2003 | 10 | COURT APPEAR | P2012893A,P2013472A UPDATED |
| 02/24/2003 | 10 | COURT APPEAR | P2013472A,P2012893A UPDATED |
| 02/25/2003 | 10 | COURT APPEAR | P2012893A,P2013472A UPDATED |
| 03/04/2003 | 10 | COURT APPEAR | P2012893A,P2013472A UPDATED |
| 03/04/2003 | 06 | TRANSFER | ISC E 222T - ISC E 110T |
| 03/14/2003 | 10 | COURT APPEAR | K2030105A ADDED |
| 03/21/2003 | 10 | COURT APPEAR | REMANDED |
| 03/25/2003 | 03 | BAILED | INMATE BAILED FROM ISC |
| 01/19/2004 | 10 | COURT APPEAR | P2012893A UPDATED |
| 03/01/2004 | 01 | COMMITMENT | INMATE RECOMMITED ISC |
| 03/01/2004 | 06 | TRANSFER | ISC - ISC D 202B |
| 03/02/2004 | 10 | COURT APPEAR | P2013472A,K2030105A,P2012893A UPDATED |
| 03/02/2004 | 10 | COURT APPEAR | 62044008 ADDED |
| 03/04/2004 | 10 | COURT APPEAR | P2012893A UPDATED |
| 03/15/2004 | 10 | COURT APPEAR | K2030105A,P2013472A,P2012893A UPDATED |
| 03/15/2004 | 10 | COURT APPEAR | 62044960 ADDED |
| 03/15/2004 | 20 | ........... | AWAITING TRIAL TO SENTENCED(02) |
| 03/15/2004 | 09 | SENTENCED | INMATE SENTENCED 6 MONTHS CONTROLLING |
| 03/16/2004 | 10 | COURT APPEAR | P2012893A,P2013472A,K2030105A UPDATED |
| 03/16/2004 | 10 | COURT APPEAR | P2012893A,P2013472A UPDATED |
| 03/19/2004 | 10 | COURT APPEAR | REMAND FROM COURT |
| 03/22/2004 | 10 | COURT APPEAR | WAR A&A W/O TO 31041484 10,000WS |
| 03/22/2004 | 10 | COURT APPEAR | 31035229 ADDED |
| 03/23/2004 | 06 | TRANSFER | ISC D 202B - ISC A 226B |
| 03/23/2004 | 06 | TRANSFER | ISC A 226B - ISC D 202B |
| 03/23/2004 | 10 | COURT APPEAR | P2012893A UPDATED |
| 03/25/2004 | 06 | TRANSFER | ISC D 202B - ISC A 122B |
| 03/29/2004 | 10 | COURT APPEAR | 31041484,31035229 PROBATION |
| 03/30/2004 | 10 | COURT APPEAR | P2012893A UPDATED |
| 03/31/2004 | 10 | COURT APPEAR | P2013472A,K2030105A,P2012893A UPDATED |
| 04/07/2004 | 10 | COURT APPEAR | P2012893A,K2030105A,P2013472A UPDATED |

ID: 069972 SECURITY: MEDIUM
NAME: SNOKE JAMES W D.O.B: 01/04/1964

| DATE | CODE | TABLE | DESCRIPTION |
|---|---|---|---|
| 04/14/2004 | 07 | CLASSIFY | INMATE WAS CLASSIFIED TO MED |
| 04/20/2004 | 10 | COURT APPEAR | P2013472A,K2030105A,P2012893A UPDATED |
| 04/21/2004 | 10 | COURT APPEAR | REMANDED |
| 04/22/2004 | 10 | COURT APPEAR | UPDATED P2013472A |
| 04/28/2004 | 10 | COURT APPEAR | P2012893A UPDATED |
| 04/30/2004 | 10 | COURT APPEAR | P2012893A UPDATED |
| 05/03/2004 | 10 | COURT APPEAR | P2012893A UPDATED |
| 05/06/2004 | 10 | COURT APPEAR | P2012893A UPDATED |
| 05/06/2004 | 10 | COURT APPEAR | P2013472A,K2030105A UPDATED |
| 05/07/2004 | 10 | COURT APPEAR | P2012893A UPDATED |
| 05/07/2004 | 10 | COURT APPEAR | P2013472A,K2030105A,P2012893A UPDATED |
| 05/13/2004 | 06 | TRANSFER | ISC A 122B - ISC HOLD |
| 05/13/2004 | 06 | TRANSFER | ISC HOLD - MED CMODR 21T |
| 05/18/2004 | 06 | TRANSFER | MED CMODR 21T - MED CMODL 23T |
| 05/25/2004 | 10 | COURT APPEAR | K2030105A,P2013472A UPDATED |
| 05/26/2004 | 12 | COMMENT | 62043893 REL ON CASE 48A AG'S FAX SC |
| 05/26/2004 | 06 | TRANSFER | MED CMODL 23T - MED CMODL 19T |
| 05/27/2004 | 12 | COMMENT | US DETAINER LODGED |
| 05/28/2004 | 06 | TRANSFER | MED CMODL 19T - MED CMODL 20T |
| 06/07/2004 | 10 | COURT APPEAR | P2012472A,K2030105A UPDATED |
| 06/17/2004 | 10 | COURT APPEAR | P2013472A,K2030105A UPDATED |
| 06/18/2004 | 10 | COURT APPEAR | REMANDED |
| 06/24/2004 | 10 | COURT APPEAR | K2030105A,P2013472A UPDATED |
| 06/30/2004 | 10 | COURT APPEAR | REMAND FROM COURT |
| 07/07/2004 | 10 | COURT APPEAR | P2012893A,P2013472A UPDATED |
| 07/09/2004 | 10 | COURT APPEAR | REMAND |
| 07/14/2004 | 10 | COURT APPEAR | 62044008 TO P2042071A,P2041941 ADDED |
| 07/26/2004 | 10 | COURT APPEAR | 62044960 TO P2042152A |
| 08/04/2004 | 10 | COURT APPEAR | REMANDED |
| 08/05/2004 | 10 | COURT APPEAR | REMANDED |
| 08/12/2004 | 10 | COURT APPEAR | 62043927 REL CASE AG FAX |
| 08/18/2004 | 10 | COURT APPEAR | REMANDED FROM COURT V06 |
| 08/19/2004 | 06 | TRANSFER | MED CMODL 20T - MED CMODL 20B |
| 08/20/2004 | 06 | TRANSFER | MED CMODL 20B - MED HOLD |
| 08/20/2004 | 06 | TRANSFER | MED HOLD - HOLD |
| 08/20/2004 | 02 | DISCHARGE | INMATE EXPIRATION SENTENCE FROM MED |
| 08/20/2004 | 06 | TRANSFER | HOLD - ISC |
| 08/20/2004 | 01 | COMMITMENT | INMATE RECOMMITED ISC |
| 08/20/2004 | 06 | TRANSFER | ISC - ISC F 114T |
| 09/07/2004 | 10 | COURT APPEAR | P2041941B UPDATED |
| 10/01/2004 | 10 | COURT APPEAR | P2042152A UPDATED |
| 10/18/2004 | 10 | COURT APPEAR | P2041941B UPDATED |
| 10/18/2004 | 10 | COURT APPEAR | P2013472A UPDATED |
| 10/25/2004 | 10 | COURT APPEAR | P2041941B UPDATED |
| 10/27/2004 | 10 | COURT APPEAR | P2012893A UPDATED |
| 10/29/2004 | 06 | TRANSFER | ISC F 114T - ISC G 208T |
| 11/01/2004 | 10 | COURT APPEAR | P2013472A,P2012893A UPDATED |
| 11/04/2004 | 10 | COURT APPEAR | P2042152A UPDATED |
| 11/08/2004 | 10 | COURT APPEAR | P2041941B UPDATED |
| 11/09/2004 | 10 | COURT APPEAR | P2041941B UPDATED |
| 11/12/2004 | 10 | COURT APPEAR | REMANDED |
| 11/15/2004 | 10 | COURT APPEAR | P2012893A,P2042152A UPDATED |
| 11/16/2004 | 10 | COURT APPEAR | P2041941B UPDATED |
| 11/17/2004 | 12 | COMMENT | US REPLACEMENT DET LODGED USMS04447-70 |
| 11/22/2004 | 10 | COURT APPEAR | K2030105A UPDATED |
| 11/30/2004 | 10 | COURT APPEAR | P2041941B,P2012893,P2013472 UPDATED |
| 11/30/2004 | 10 | COURT APPEAR | P2042152A,K2030105A UPDATED |
| 12/09/2004 | 10 | COURT APPEAR | REMANDED FROM COURT |

RAP SHEET

ID: 069972 SECURITY: MEDIUM
NAME: SNOKE JAMES W D.O.B: 01/04/1964

| DATE | CODE | TABLE | DESCRIPTION |
|---|---|---|---|
| 12/14/2004 | 10 | COURT APPEAR | P2041941B UPDATED |
| 12/16/2004 | 10 | COURT APPEAR | REMANDED V06 |
| 12/16/2004 | 10 | COURT APPEAR | REMANDED FROM COURT |
| 12/25/2004 | 06 | TRANSFER | ISC G 208T - ISC G 207T |
| 12/26/2004 | 06 | TRANSFER | ISC G 207T - ISC G 207B |
| 01/13/2005 | 10 | COURT APPEAR | P2012893A UPDATED |
| 01/14/2005 | 10 | COURT APPEAR | P2041941A UPDATED |
| 01/20/2005 | 10 | COURT APPEAR | P2042071A UPDATED |
| 01/21/2005 | 10 | COURT APPEAR | P2012893A UPDATED |
| 01/28/2005 | 10 | COURT APPEAR | P2041941B REL CASE,P2012893A ADDED |
| 01/28/2005 | 10 | COURT APPEAR | P2042071A,P2042152A,P2013472A UPDATED |
| 01/28/2005 | 10 | COURT APPEAR | UPDATED K2030105A |
| 02/25/2005 | 10 | COURT APPEAR | REMANDED |
| 02/28/2005 | 12 | COMMENT | ADDED 61046117 WARR PRT OUT SC |
| 02/28/2005 | 10 | COURT APPEAR | REMANDED |
| 03/01/2005 | 10 | COURT APPEAR | 61046117 REL ON PR |
| 03/13/2005 | 06 | TRANSFER | ISC G 207B - ISC ISOL A |
| 03/14/2005 | 06 | TRANSFER | ISC ISOL A - ISC G 207B |
| 03/17/2005 | 10 | COURT APPEAR | REMANDED |
| 04/28/2005 | 20 | ........... | AWAITING TRIAL TO SENTENCED(02) |
| 04/28/2005 | 09 | SENTENCED | INMATE SENTENCED 6 1/2 YEARS CONTROLLNG |
| 05/05/2005 | 09 | SENTENCED | RETRO DATE CHANGED TO 1/17/04 |
| 06/07/2005 | 07 | CLASSIFY | INMATE WAS CLASSIFIED TO MED |
| 06/21/2005 | 06 | TRANSFER | ISC G 207B - ISC HOLD |
| 06/21/2005 | 06 | TRANSFER | ISC HOLD - MED HOLD |
| 06/21/2005 | 06 | TRANSFER | MED HOLD - MED BMODR 22T |
| 07/01/2005 | 06 | TRANSFER | MED BMODR 22T - MED SEG 06T |
| 07/06/2005 | 06 | TRANSFER | MED SEG 06T - MED SEG 04T |
| 07/06/2005 | 06 | TRANSFER | MED SEG 04T - MED SEG 04B |
| 07/22/2005 | 06 | TRANSFER | MED SEG 04B - MED FMODL 16T |
| 07/22/2005 | 06 | TRANSFER | MED FMODL 16T - MED FMODL 17T |
| 07/31/2005 | 06 | TRANSFER | MED FMODL 17T - MED FMODL 06T |
| 08/16/2005 | 06 | TRANSFER | MED FMODL 06T - MED FMODL 06B |
| 10/10/2005 | 06 | TRANSFER | MED FMODL 06B - MED FMODL 06T |
| 10/24/2005 | 06 | TRANSFER | MED FMODL 06T - MED FMODL 22T |
| 11/21/2005 | 06 | TRANSFER | MED FMODL 22T - MED FMODL 02B |
| 03/01/2006 | 10 | COURT APPEAR | REMAND |

# INTERACTION OF FEDERAL AND STATE SENTENCES WHEN THE FEDERAL DEFENDANT IS UNDER STATE PRIMARY JURISDICTION

HENRY J. SADOWSKI, REGIONAL COUNSEL,
NORTHEAST REGION, FEDERAL BUREAU OF PRISONS
215-521-7375

This memorandum details how the Federal Bureau of Prisons computes federal sentences imposed when the defendant is under the primary custodial jurisdiction of state authorities. This is probably the single most confusing and least understood federal sentencing issue. To place this discussion into context, basic sentencing principles will be discussed and then applied to the state and federal sentencing issue. The policy of the Bureau of Prisons concerning where the federal sentence is served will also be addressed.

## BASIC FEDERAL SENTENCE COMPUTATION DECISIONS

In any computation of a federal sentence, two separate decisions must be made: when the federal sentence commences and to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence.[1] For offenses committed prior to November 1, 1987, each of these decisions is governed by repealed 18 U.S.C. § 3568. Section 3568 specifies that the Attorney General is responsible for sentence computation decisions. For offenses committed on or after November 1, 1987, commencement of federal sentence is governed by 18 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b). The provisions of § 3585 were designed to maintain the same basic authority for sentence computation in the Attorney General as under its predecessor. United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992). Wilson held that, although new § 3585 omits the language of old § 3568 specifying that the Attorney General is responsible for sentence computation, Congress did not intend to change this well settled authority. Id. The authority of the Attorney General to compute sentences has been delegated to the Federal Bureau of Prisons by 28 C.F.R. § 0.96 (2002).[2]

## COMMENCEMENT OF FEDERAL SENTENCE

The underlying principle of both repealed § 3568 and present § 3585(a) is that a federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence.[3] When a federal sentence is imposed on a defendant in state custody, the federal sentence may commence when the Attorney General agrees to designate the

---

[1] Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996); United States v. Smith, 812 F.Supp. 368, 370 (E.D.N.Y. 1993).

[2] See United States v. Pineyro, 112 F.3d 43 (2d Cir. 1997).

[3] Pinaud v. James, 851 F.2d 27 (2d Cir. 1988); Salley v. United States, 786 F.2d 546 (2d Cir. 1986); Chambers v. Holland, 920 F.Supp. at 621.

state facility for service of the federal sentence. [4] The designation authority of the Attorney General under repealed 18 U.S.C. § 4082 had been delegated to the Federal Bureau of Prisons. 28 C.F.R. § 0.96(c). Present 18 U.S.C. § 3621 explicitly vests the designation authority in the Bureau of Prisons. The earliest date a federal sentence can commence is the date it is imposed. Thus, a concurrent sentence commences on date of its imposition not on the date of commencement of prior sentence, or some earlier date. [5] A sentence cannot be ordered to commence at a date prior to its imposition.[6]

A federal sentence does not begin to run when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody.[7] The state authorities retain primary jurisdiction over the prisoner; federal custody does not commence until the state authorities relinquish the prisoner on satisfaction of the state obligation.[8] The sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example, bail release, dismissal of the state charges, parole release, or expiration of state sentence. [9] When a prisoner is borrowed from the primary custodian via a writ of habeas corpus ad prosequendum, principles of comity require the return of the prisoner to the primary custodian when the prosecution has been completed.[10] This concept of primary jurisdiction controls many of the decisions in this area.

---

[4] Taylor v. Sawyer, 284 F.3d 1143 (9th Cir. 2001), cert. denied, 123 S.Ct. 889 (2003); Romandine v. United States, 206 F.3d 731 (7th Cir. 2000); Rogers v. United States, 180 F.3d 349 (1st 1999), cert. denied, 528 U.S. 1126 (2000); McCarthy v. Doe, 146 F.3d 118 (2d Cir. 1998); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); United States v. Pungitore, 910 F.2d 1084, 1118-1119 (3d Cir. 1990), cert. denied, 111 S.Ct. 2009-2011 (1991).

[5] Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980).

[6] United States v. Gonzalez, 192 F.3d 350 (2d Cir 1999); United States v. Labeille-Soto, 163 F.3d 93 (2d Cir. 1998). But see United States ex rel. Del Genio v. United States Bureau of Prisons, 644 F.2d 585, 589 (7th Cir. 1980), cert. denied, 449 U.S. 1084 (1981) (implying in dicta sentencing judge could order prior commencement).

[7] United States v. Cole, 416 F.3d 894 (8th Cir. 2005); United States v. Evans, 159 F.3d 908 (4th cir. 1998); Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992); Thomas v. Brewer, 923 F.2d 1361 (9th Cir. 1991); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); Salley v. United States, supra; Hernandez v. United States Attorney General, 689 F.2d 915 (10th Cir. 1982); Roche v. Sizer, 675 F.2d 507 (2d Cir. 1982); Chambers v. Holland, 920 F.Supp. at 622.

[8] Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2001); Jake v. Herschberger, 173 F.3d 1059 (7th Cir. 1999); Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992); Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992); Hernandez v. United States Attorney General, supra; Roche v. Sizer, supra; Crawford v. Jackson, 589 F.2d 693 (D.C.Cir. 1978), cert. denied, 441 U.S. 934 (1979); Cobb v. United States, 583 F.2d 695 (4th Cir. 1978); Chambers v. Holland, supra; Shumate v. United States, 893 F.Supp. 137 (N.D.N.Y. 1995); Miller v. United States, 826 F.Supp. 636 (N.D.N.Y. 1993). See also Bowman v. United States, 672 F.2d 1145, 1153-154 (3d Cir. 1982).

[9] United States v. Cole, 416 F.3d 894 (8th Cir. 2005); Rios v. Wiley, 201 F.3d at 274; Taylor v. Reno, 164 F.3d 440 (9th Cir. 1998); United States v. Warren, 610 F.2d 680 (9th Cir. 1980); Chambers v. Holland, 920 F.Supp. at 622; United States v. Smith, 812 F.Supp. 368 (E.D.N.Y. 1993).

[10] Delima v. United States, 41 F.Supp. 2d 359 (E.D.N.Y. 1999), aff'd, 213 F.3d 625 (2d Cir. 2000).

**PRIOR CUSTODY TIME CREDIT**

Under the old § 3568, a federal prisoner was not entitled to prior custody time credit towards a federal sentence for the period spent in state custody especially when the state provided credit for the same period towards a state sentence.[11] Time in custody of the United States Marshal pursuant to a federal writ of habeas corpus ad prosequendum from state custody is not federal custody in connection with the federal offense. [12] For new law cases, the Supreme Court noted that under new § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 112 S.Ct. at 1356. Under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit towards another sentence.[13] There are some limited exceptions,[14] but the general rule is no credit is afforded towards a federal sentence if credit has been given for the same period of custody towards a state sentence.

**CONCURRENT VERSUS CONSECUTIVE SERVICE OF FEDERAL SENTENCE WITH STATE SENTENCE**

As in the commencement decision, the order in which sentences are served is governed by the concept of primary jurisdiction. If state and federal sentences are imposed on an offender, the general rule is that the sentence imposed by the sovereign with primary jurisdiction is served first. Generally, decisions concerning concurrent or consecutive service of a federal sentence with a state sentence is not dependent on the order of sentence imposition. If the federal judgment and commitment order is silent and if the state authorities have primary jurisdiction over the defendant, the Bureau of Prisons applies a presumption that the federal sentence will run consecutively with the state sentence regardless of which sentence was imposed first[15]. Under 18 U.S.C. § 3584, the federal sentencing judge may specifically order the federal sentence to run consecutively with a state sentence.[16] The Bureau of Prisons interprets § 3584 to also permit the federal judge to order concurrent service with a state sentence. [17] There is a split in the circuits

---

[11] Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992); United States v. Blankenship, 733 F.2d 433 (6th Cir. 1984); United States v. Grimes, 641 F.2d 96 (3d Cir. 1981); Siegal v. United States, 436 F.2d 92, 95 (2d Cir. 1970).

[12] E.g., Rios v. Wiley, 201 F.3d at 271-74; Thomas v. Whalen, supra; Chambers v. Holland, 920 F.Supp. at 622; Miller v. United States, supra; United States v. Smith, 812 F.Supp. 368 (E.D.N.Y. 1993). But see Brown v. Perrill, 28 F.3d 1073 (10th Cir. 1994).

[13] Rios v. Wiley, 201 F.3d at 272; Tisdale v. Menifee, 166 F.Supp. 2d 789 (S.D.N.Y.2001)

[14] See Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993).

[15] This presumption is drawn from 18 U.S.C. § 3584(a) which generally requires consecutive service of sentence imposed at different times unless the court specifies concurrent service.

[16] United States v. Williams, 46 F.3d 57 (10th Cir. ), cert. denied, 116 S.Ct. 92 (1995); United States v. Ballard, 6 F.3d 1502 (11th Cir. 1993); United States v. Hardesty, 958 F.2d 910 (9th Cir. 1992); Pinaud v. James, 851 F.2d 27 (2d Cir. 1988); Salley v. United States, 786 F.2d 546 (2d Cir. 1986).

[17] United States v. Fuentes, 107 F.3d 1515, 1519 n.6 (11th Cir. 1997).

on whether the federal judge can order concurrent or consecutive service with a state sentence yet to be imposed. [18] At a minimum, the Bureau would consider any such order as a recommendation from the federal sentencing court. To allow the federal sentence to commence, the Bureau of Prisons designates the state correctional institution (the primary custodian) for service of the federal sentence. Since the earliest date a federal sentence can commence is the date it is imposed, this designation may be made nunc pro tunc no earlier than the date of federal sentencing. A sentence may not be ordered to run concurrent with a sentence which has been served.[19]

Under old law, 18 U.S.C. § 3568, when the state had primary jurisdiction, an order by the federal sentencing judge to run the federal sentence concurrently with a state sentence (even one yet to be imposed) was treated by the Bureau of Prisons as a recommendation since the federal sentencing court had no power to order a federal sentence to run concurrently with a state sentence. [20] Since the Bureau usually follows a concurrent recommendation from the sentencing judge, the issue of the authority of a federal judge to order concurrent service is rarely tested. To give effect to the federal sentence court's recommendation and allow the federal sentence to commence, the Bureau designates the state facility for service of the federal sentence.[21]

## PLACE OF INCARCERATION

The primary custodian is responsible for the custody of the defendant, until primary jurisdiction is relinquished. If a defendant has been arrested by state authorities and the state never relinquished custody (by bail, dismissal of charges, parole, etc.), the defendant must serve his state sentence in state custody. Production of the defendant via a federal writ of habeas corpus ad prosequendum does not shift the primary jurisdiction of custody to federal authorities. [22] After the writ is satisfied, the United States Marshal must return the "loaned" defendant back to the state, the primary custodian. Primary jurisdiction is not effected by the order of imposition of federal and state sentence.

The jurisdiction who is the primary custodian is responsible for the costs of incarceration. When the federal authorities are the primary custodian of the prisoner, the United States bears the costs of incarceration. When the state authority is primary custodian, the state bears the costs of

---

[18] Contrast United States v. Andrews, 330 F.3d 1305 (11th Cir. 2003); United States v. Mayotte, 249 F.3d 797 (8th Cir. 2001); United States v. Williams, supra; United States v. Ballard, supra; Salley v. United States, supra; with Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72 (2d Cir. 2005); Romandine v. United States, 206 F.3d 731 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); McCarthy v. Doe, 146 F.3d 118 (2d Cir. 1998); United States v. Clayton, 927 F.2d 491 (9th Cir. 1991).

[19] United States v. Labeille-Soto, supra.

[20] Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); United States v. Campisi, 622 F.2d 697 (3d Cir. 1980); Gomori v. Arnold, 533 F.2d 871 (3d Cir.), cert. denied, 429 U.S. 851 (1976); United States v. Huss, 520 F.2d 598 (2d Cir. 1975).

[21] See footnote 4.

[22] See footnote 11.

incarceration. When the state has primary jurisdiction over a defendant, the federal sentencing judge may not order the delivery of the defendant for service of sentence in a federal institution. This order is tantamount to a transfer of custody beyond the jurisdiction of the federal court. [23] Similarly, when the state has primary jurisdiction, the state sentencing judge cannot order that the state prisoner be transported to a federal institution to serve his state sentence.[24] A state court has no authority to order how a federal sentence is to be computed or served.[25]

There are several ways in which the Federal Bureau of Prisons may accept a prisoner in primary state custody. First, under a contract pursuant to 18 U.S.C. § 5003, the state authority could request transfer of the prisoner to the federal authorities with the understanding that the costs of incarceration are reimbursed to the United States. The existence of a contract between the state in question and the Bureau must be checked. Secondly, the United States Attorney's Office may sponsor the placement of a state prisoner in the witness protection program under 18 U.S.C. § 3521. Finally, the Federal Bureau of Prisons will accept a state defendant when the state authorities relinquish primary jurisdiction by parole, bail, dismissal, etc. The act relinquishing primary jurisdiction usually requires the United States Marshal to assume custody pursuant to an outstanding detainer. The Marshal then transfers the prisoner to a federal facility designated by the Federal Bureau of Prisons. If the United States obtains a state inmate under the Interstate Agreement of Detainers Act (instead of through a writ), the same concepts discussed herein apply.

## IMPACT OF SENTENCING GUIDELINE 5G1.3

At sentencing, it is important to determine to what extent U.S.S.G. § 5G1.3 applies to the defendant. In certain circumstances, 5G1.3 permits the court to make an adjustment or a downward departure for time spent in detention which would not be awarded towards the federal sentence by the Bureau of Prisons under 18 U.S.C. § 3585(b). Section 5G1.3 has been modified several times, so it is crucial to determine which version applies to the defendant.[26] The present version of 5G1.3 permits an adjustment (non-departure) if the time in detention is related to the federal offense (5G1.3(b)). If the court finds an adjustment is justified based on a discharged sentence, the adjustment is to be via downward departure. If the federal sentencing judge

---

[23] United States v. Warren, 610 F.2d 680 (9th Cir. 1980); United States v. Smith, 812 F.Supp. 368 (E.D.N.Y. 1993).

[24] Leal v. Tombone, 341 F.3d 427 (5th Cir. 2003); Taylor v. Sawyer, 284 F.3d 1143 (9th Cir. 2001), cert. denied, 123 S.Ct. 889 (2003); Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992).

[25] Leal v. Tombone, supra; Taylor v. Sawyer, supra; Jake v. Herschberger, 173 F.3d at 1065; United States v. Yates, 58 F.3d 542, 550 (10th Cir. 1995); Pinaud v. James, 851 F.2d 27, 32 (2d Cir. 1988); United States v. Sackinger, 704 F.2d 29, 32 (2d Cir. 1983).

[26] There have been disagreements among circuits concerning different applications of § 5G1.3. Research in the respective circuit case law is also crucial. Precise nuances of the Sentencing Guidelines are beyond the intention and the scope of this memorandum. The section has included to alert the reader of this other area of sentencing law which may be impacted when a defendant is subject to state and federal prosecutions.

invokes 5G1.3, it is crucial for the Judgment and Commitment order to delineate exactly how the court determined the sentence. For example, if the court applied an adjustment, a reference to 5G1.3(b) and the amount of adjustment should be noted on the Judgment and Commitment order. This reference assist the Bureau in resolving issues concerning the court's intent, which issues often arise years after the sentence was imposed. It is important to note the Bureau of Prisons will apply the prior custody credit standards of 18 U.S.C. § 3585(b) to every federal sentence. Any reference in the Judgment and Commitment order to credit for time served is unnecessary and superfluous.

November 25, 2005

# REQUEST TO ENTER PLEA OF NOLO CONTENDERE OR GUILTY
## SUPERIOR COURT

| | |
|---|---|
| 1. STATE OF RHODE ISLAND<br>VS.<br><br>**JAMES SNOKE** | 2. CASE NO.<br><br>2893A<br>**P2/2001-[redacted]** |
| 3. CHARGES<br><br>1. 2[ND] DEGREE ROBBERY | 4. PENALTY<br><br>10 YEARS TO 30 YEARS ACI |

I, the above named defendant, do hereby request Court permission to withdraw my present plea of **Not Guilty** and to enter a plea of **Nolo Contendere or Guilty**. I understand the plea of **Nolo Contendere** is for all purposes the same as a plea of **Guilty** and that I will be admitting sufficient facts to substantiate the charge(s) which has (have) been brought against me in the case to which this plea relates. I understand by changing my plea I will be giving up and waiving each and all of my rights as follows:

1. My right to a trial by jury or by a Judge, sitting without a jury, and my right to appeal to the Supreme Court from any verdict or finding of guilt.
2. My right to have the State prove each and every element of the charge(s) against me by evidence and proof beyond a reasonable doubt.
3. My right to the presumption of innocence.
4. My privilege against self-incrimination.
5. My right to confront and cross-examine the State's witnesses against me.
6. My right to present evidence and witnesses on my own behalf and to testify in my own defense if I choose to do so.
7. My right to appeal to the Rhode Island Supreme Court from the sentence imposed by the Court after the entry of my plea of **Nolo Contendere or Guilty**.
8. My right to have the Court obtain and consider a pre-sentence report before the imposition of sentence by the Court.

No promises have been made to me by my Attorney, the State's Attorney, or the Court, other than the fact the Court has agreed to impose the following sentence in addition to whatever money costs are imposed by law.

SENTENCE

1. 20 YEARS ACI/ CAP PLEA OF 10 YEARS TO SERVE (CREDIT TIME SERVED)/ BALANCE SUSPENDED/PROBATION

* TO BE SERVED CONCURRENTLY W/ FEDERAL SENTENCE AND W/ CASE K2/2003-0105A *

** DEFENDANT WITHDRAWS ANY AND ALL APPEALS ON THIS CASE **

I understand if the Court imposes the sentence referred to above, I will not be permitted to withdraw my plea of **Nolo Contendere or Guilty** except by permission of the Court.

**I UNDERSTAND THAT IF I AM A RESIDENT ALIEN, A SENTENCE IMPOSED AS A RESULT OF MY PLEA MAY RESULT IN DEPORTATION, EXCLUSION OF ADMISSION TO THE UNITED STATES, AND/OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES, AND THAT THIS COURT WILL HAVE NO CONTROL OVER THOSE PROCEEDINGS.**

I have discussed the entire contents of this form with my Attorney, who has explained it to me. I have no questions as to what it states or what it means, and I understand it completely. I swear to the truth of the above.

| | |
|---|---|
| 6. WITNESS (Attorney for the Defendant) Date 1/28/05<br><br>Signature<br><br>Print Name CHRISTOPHER T. MILLEA Reg. # 5838 | 7. DEFENDANT Date 1/28/05<br><br>Signature James Snoke<br><br>Print Name JAMES SNOKE |

STATE OF RHO..E ISLAND AND PROVIDENC_ PLANTATIONS
SUPERIOR COURT

# CERTIFICATE OF JUDGE

| 1. STATE OF RHODE ISLAND VS. | 2. CASE NO. |
| --- | --- |
| | |

This certifies that the defendant has come before me, in the presence of counsel, and presented the attached request, affidavit and attorney's certification. Thereupon, I addressed the defendant personally in open court, and established by responses to my questions that the defendant has been fully informed of the contents of the affidavit, all of the rights enumerated therein, and the nature and consequences of this plea as set forth therein. The defendant has also been made aware of the range of punishment which might be imposed, as well as any assurances made to the defendant by counsel, the prosecuting attorney or the court regarding a sentence. The Court finds the defendant has the capacity to understand all of the above.

I have also been satisfied by the prosecutor's statement of the facts, the defendant's answers, and the content of the affidavit that there is a factual basis for the plea. I find this plea is made voluntarily, intelligently, and with knowledge and understanding of all matters set forth in the attached request and affidavit.

3. JUSTICE

Signature Krause/ Date 4/28/05

St[illegible] of Rhode Island and Providence Plant[illegible]ons

Providence County

State of Rhode Island vs James Snoke

Case No: P2-2001-2893A

JUDGMENT OF CONVICTION AND COMMITMENT

On the date(s) below came the attorney for the State and the defendant, who appeared in person and by counsel, before the justice of the Superior Court named below.

Prosecutor: Kelly Ann Mcelroy
Defense Attorney(s): Christopher T. Millea

**IT IS ADJUDGED** that the defendant, having entered a plea or having been found guilty as charged of the offense(s):

Count 1: Second Degree Robbery, Found Guilty By Jury, Sentenced By Judge Krause, 28-Apr-2005

Full Sentence 20 Years

Term To Serve 78 Months

Suspended 162 Months

Probation 162 Months concurrent with cases P2-2004-2071A, P2-2004-2152A, K2-2003-0105A,P2-2001-3472A

Total Assessments $675.00

and the Court, having asked the defendant whether he/she has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

**IT IS ADJUDGED** that the defendant is guilty as charged and convicted.

**IT IS ADJUDGED** that the defendant is hereby committed to the custody of the warden of the Adult Correctional Institutions for the period stated above.

**IF CONVICTED AFTER TRIAL,** the defendant has been advised of his/her right to appeal within twenty (20) days to the Supreme Court and of his/her right, if unable to pay the cost of an appeal, to apply for leave to be represented on appeal by the public defender or to appeal in forma pauperis.

**IT IS ORDERED** that the Clerk deliver a certified copy of this judgment to the proper authority of the Adult Correctional Institutions and that the copy serve as the commitment of the defendant.

TRUE COPY ATTEST

Jeanne Rinaldi
Asst Clerk

Krause
Justice, Superior Court

5-3-05
Date

# REQUEST TO ENTER PLEA OF NOLO CONTENDERE OR GUILTY
## SUPERIOR COURT

| 1. STATE OF RHODE ISLAND VS. **JAMES SNOKE** | 2. CASE NO. **K2/2003-0105A** |
|---|---|
| 3. CHARGES<br>1. 2ND DEGREE ROBBERY | 4. PENALTY<br>10 YEARS TO 30 YEARS ACI |

I, the above named defendant, do hereby request Court permission to withdraw my present plea of **Not Guilty** and to enter a plea of **Nolo Contendere or Guilty**. I understand the plea of **Nolo Contendere** is for all purposes the same as a plea of **Guilty** and that I will be admitting sufficient facts to substantiate the charge(s) which has (have) been brought against me in the case to which this plea relates. I understand by changing my plea I will be giving up and waiving each and all of my rights as follows:

1. My right to a trial by jury or by a Judge, sitting without a jury, and my right to appeal to the Supreme Court from any verdict or finding of guilt.
2. My right to have the State prove each and every element of the charge(s) against me by evidence and proof beyond a reasonable doubt.
3. My right to the presumption of innocence.
4. My privilege against self-incrimination.
5. My right to confront and cross-examine the State's witnesses against me.
6. My right to present evidence and witnesses on my own behalf and to testify in my own defense if I choose to do so.
7. My right to appeal to the Rhode Island Supreme Court from the sentence imposed by the Court after the entry of my plea of **Nolo Contendere or Guilty**.
8. My right to have the Court obtain and consider a pre-sentence report before the imposition of sentence by the Court.

No promises have been made to me by my Attorney, the State's Attorney, or the Court, other than the fact the Court has agreed to impose the following sentence in addition to whatever money costs are imposed by law.

| SENTENCE |
|---|
| 1. 20 YEARS ACI/ CAP PLEA OF 10 YEARS TO SERVE (CREDIT TIME SERVED)/ BALANCE SUSPENDED/PROBATION<br><br>* TO BE SERVED CONCURRENTLY W/ FEDERAL SENTENCE AND W/ CASE P2/2001-2893A * |

I understand if the Court imposes the sentence referred to above, I will not be permitted to withdraw my plea of **Nolo Contendere or Guilty** except by permission of the Court.

**I UNDERSTAND THAT IF I AM A RESIDENT ALIEN, A SENTENCE IMPOSED AS A RESULT OF MY PLEA MAY RESULT IN DEPORTATION, EXCLUSION OF ADMISSION TO THE UNITED STATES, AND/OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES, AND THAT THIS COURT WILL HAVE NO CONTROL OVER THOSE PROCEEDINGS.**

I have discussed the entire contents of this form with my Attorney, who has explained it to me. I have no questions as to what it states or what it means, and I understand it completely. I swear to the truth of the above.

| 6. WITNESS (Attorney for the Defendant) Date 1/28/05 | 7. DEFENDANT Date 1/28/05 |
|---|---|
| Signature [signature] | Signature James Snoke |
| Print Name CHRISTOPHER T. MILLEA Reg. # 5838 | Print Name JAMES SNOKE |

**State of Rhode Island and Providence Plantations**

Providence County

State of Rhode Island vs James Snoke

Case No: K2-2003-0105A

JUDGMENT OF CONVICTION AND COMMITMENT

On the date(s) below came the attorney for the State and the defendant, who appeared in person and by counsel, before the justice of the Superior Court named below.

Prosecutor: Kelly Ann Mcelroy
Defense Attorney(s): Christopher T. Millea

**IT IS ADJUDGED** that the defendant, having entered a plea or having been found guilty as charged of the offense(s):

Count 1: Second Degree Robbery, Guilty Plea As Charged, Sentenced By Judge Krause, 28-Apr-2005

Full Sentence 20 Years

Term To Serve 78 Months

Suspended 162 Months

Probation 162 Months concurrent with cases P2-2001-2893A,P2-2004-2071A, P2-2004-2152A,P2-2001-3472A

Total Assessments $550.00

and the Court, having asked the defendant whether he/she has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

**IT IS ADJUDGED** that the defendant is guilty as charged and convicted.

**IT IS ADJUDGED** that the defendant is hereby committed to the custody of the warden of the Adult Correctional Institutions for the period stated above.

**IF CONVICTED AFTER TRIAL,** the defendant has been advised of his/her right to appeal within twenty (20) days to the Supreme Court and of his/her right, if unable to pay the cost of an appeal, to apply for leave to be represented on appeal by the public defender or to appeal in forma pauperis.

**IT IS ORDERED** that the Clerk deliver a certified copy of this judgment to the proper authority of the Adult Correctional Institutions and that the copy serve as the commitment of the defendant.

TRUE COPY ATTEST

Jeanne Rinaldi Krause 5-3-05

Asst Clerk Justice, Superior Court Date

**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

*U.S. Custom House*
*2nd & Chestnut Streets*
*Philadelphia, PA. 19106*

November 28, 2005

James W. Snoke
#69972
Federal Register No. 04447-070
PO Box 8274
Cranston, RI 02920

Mr. Snoke:

This is in response to the undated correspondence you sent the Bureau of Prisons Northeast Regional Office, in which you request more information regarding your federal sentence. You request information regarding your federal sentence. Specifically, you to know if your federal sentence is running and retroactive to February 29, 2004.

A review of your records indicates you were sentenced by the Honorable William E. Smith, on*October 28, 2005* for a term of 70-months followed by three (3) years supervision. The Judge was silent in your sentencing, therefore, your sentence will be ran consecutive to the state sentence you are presently serving. The U.S. Marshal's have placed a detainer on file with the state facility where you are presently housed. When you have completed your state sentence, the US Marshals will request a designation for you and you will then be picked up and placed at the designated institution.

I hope the information I have provided has been helpful.

Sincerely,

R. G. Havery
Regional Inmate Systems Specialist

*Andy, Please note that this date should be "Oct. 29, 2004"

Jim Snoke